IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

REBECCA RICHISON,

                Plaintiff,

v.                                                    CIVIL ACTION NO.   2:23-cv-00771

CO AARON CHAPMAN, et al.,

                Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff's Motion for an Order of Publication and to Extend Time for Service on Defendant Hammer. [ECF No. 26]. This action arises out of Ms. Richison's civil rights claims relating to her incarceration at North Central Regional Jail. Since filing her Complaint on December 1, 2023, all but one Defendant has either been properly served or waived service. Specifically, Ms. Richison claims that despite her diligent efforts and two service attempts, she has been unable to serve Defendant Hammer. [ECF No. 26-2]. As such, Ms. Richison moves for additional time to serve Defendant Hammer and seeks leave to serve via publication in accordance with the West Virginia Rules of Civil Procedure. [ECF No. 26, at 2]. As all the other Defendants have otherwise answered, waived service, or filed motions under Rule 12, Ms. Richison finally asks the court to extend the deadlines in the for

the parties' Rule 26(f) meeting and filing of the Report of Parties' Planning Meetings. *Id.*

The Federal Rules of Civil Procedure allow the court to extend time for service for an appropriate period upon a showing of "good cause." Good cause to extend time for service may exist when the "plaintiff can show the delay in service was attributable to external factors that would reasonably stifle a plaintiff's due diligence, as opposed to plain attorney error." *Preast v. McGill*, 65 F. Supp. 2d 395, 402 n.7 (S.D. W. Va. 1999) (citations omitted).

An individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). West Virginia Rules of Civil Procedure allow for constructive service by publication. W. Va. R. Civ. P. 4(e). To effectuate service in accordance with the West Virginia Rule, Plaintiff must file an affidavit stating that "the plaintiff has used due diligence to ascertain the residence or whereabouts of the defendant, without effect." *Id.* 4(e)(1)(C). "Due diligence means the exercise of a reasonable effort to locate a person's residence so that notice . . . may be provided." *Smith on behalf of Est. of Shrewsbury v. W. Virginia Div. of Corrections and Rehab.*, No. 5:23-CV-00210, 2023 WL 5098770, at *1 (S.D. W. Va. Aug. 9, 2023) (quoting *Capitol Specialty Ins. Corp. v. Tayworsky LLC*, No. 2:16-CV-11340, 2017 WL 4532153, at *2 (S.D. W. Va. Oct. 10, 2017)). Then the clerk "shall enter an order of publication against such named and unknown defendants." *Id.* 4(e)(1)(E). The order of publication shall:

state the title of the action; the object thereof; the name and address of the plaintiff's attorney, if any; that a copy of the complaint may be obtained from the clerk; and that each names and unknown defendant must appear and defendant on or before a date set forth in the order, which shall not be fewer than 30 days after the first publication thereof; otherwise, that judgment by default will be rendered against the defendants at any time thereafter.

The order of publication must the published once a week for two successive weeks, or for a period prescribed by statute if such period is longer, "in a newspaper of general circulation in the county wherein such action is pending." *Id.*

In this case, the deadline to serve all Defendants is March 1, 2024. Plaintiff has filed an affidavit demonstrating a showing of diligence and a reasonable effort to effect service, which can also be evidenced by her successfully serving all other Defendants in this case. She also has attempted to serve Defendant Hammer on two occasions, but both times the summons was returned unexecuted. *See* [ECF No. 26-2, at 1–2]. For good cause shown, the court **GRANTS** the Motion, [ECF No. 26], and **EXTENDS** the service deadline by an additional sixty (60) days and authorizes Plaintiff to effectuate service via publication. Further, the court **DIRECTS** Plaintiff to provide a proposed Order of Publication in a manner consistent with West Virginia Law. Finally, the court will enter an amended order modifying the deadlines for the parties' Rule 26(f) meeting and the Report of Parties' Planning Meeting. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      February 29, 2024

3

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE